I understand you're the only one here today? That's correct, Your Honor. Why don't you come forward? Before we hear from you, I understand you've been in contact with other counsel? I have. Is this what's going on? At the 12th hour, there was apparently a discussion between my client and the receiver, wherein they believe they may have worked out a resolution. However, at this point in time, we don't have a final settlement agreement drafted, nor signed, nor approved by the parties. And so I came here today. But you understand the case has been settled? It just hasn't been reduced to the proper form? It does have to be approved by the receivership court as well. And as a result, I could say that there has been a basic agreement. So what is your client asking us to do? Well, we were asking, and the other counsel had asked us yesterday to do a motion to continue, which we actually faxed over to the court. I wasn't certain how that was going to be taken, since I believe the court has probably already prepared the case, as did we. Yeah, we usually do that. So I appeared because I wasn't certain what you wanted to do with the case. Are you prepared to go forward? Yes, I am. We have settled. You've settled it? For all intents and purposes, so long as the receivership court approves the settlement. So what's your preference today? Do you want to say? I mean, based on your representation that in good faith you think this case is settled, what I would probably be inclined to do, I'm just speaking for me, is to refer it to the circuit mediator to finalize the settlement documents. Now, that doesn't mean the circuit mediator necessarily does any more mediation, but a lot of times they manage the settlement for our purposes to make sure the I's and T's are drawn. Is that what you want? That would be wonderful if the court's inclined to do that, yes. It's a thought. Do you want to hear an argument? No. Did Pulliam break this thing loose? You certainly gave me my homework. I have to admit, after being out of law school for more than a decade, it was a chore. So, yes, it was very interesting. Judge Hogan? I agree. It's all right with you to refer it to the circuit mediator? All right. We will enter an order that will defer submission of this case. We will refer it to the circuit mediator to finalize or oversee the finalization of the settlement. And then normally what we do is we get reports back from the circuit mediator, and if it blows up, then we reschedule argument. Wonderful. Thank you for coming today. Absolutely. Thank you very much. Let the wings of peace fly.
judges: Trott, Thomas, Hogan